IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

JAMES SLUSS,  )
)
Plaintiff,  )
)
v.  )
)  CIVIL ACTION NO. _____
BANKERS LIFE AND CASUALTY  )
COMPANY,  )
)
Defendant.  )
)

---

## NOTICE OF REMOVAL

---

**COMES NOW** defendant, Bankers Life and Casualty Company ("Bankers Life"),

by and through its counsel of record, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and

1446, appearing specially so as to preserve any and all defenses available under

Rule 12 of the Federal Rules of Civil Procedure, and any and all defenses under the

federal laws of bankruptcy, and hereby gives notice of the removal of this action to the

United States District Court for the Eastern District of Tennessee, Knoxville Division. As

grounds for this removal, Bankers Life states as follows:

1.     On or about August 29, 2007, James Sluss ("Plaintiff" or "Sluss")

commenced a civil action against Bankers Life in the Circuit Court for Knox County,

Tennessee, now pending as Civil Action No. 3-396-07. The Circuit Court for Knox

County, Tennessee, is a state court within this judicial district and division.

2.     The United States District Court for the Eastern District of Tennessee,

Knoxville Division, is the court and division embracing the place where this action is

pending in state court.

3.     A copy of all other process, pleadings or orders served to date on Bankers

Life is attached hereto as Exhibit A.

4.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which

provides in pertinent part as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> * * *
>
> [A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

5.     Bankers Life was served with the Summons and Complaint through the

State of Tennessee Department of Commerce and Insurance on September 7, 2007.

6.     Thus, this Notice of Removal is timely because it is filed within thirty (30)

days of the first service of the Summons and Complaint, and because this action was

commenced less than one (1) year ago.

7.     This case is properly removable pursuant to 28 U.S.C. § 1441, which

provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of Defendant sued under fictitious names shall be disregarded.

8. As shown herein, this case is properly removable based on diversity jurisdiction and the existence of a federal question.

## I. **DIVERSITY OF CITIZENSHIP**

9. This action is properly removable under 28 U.S.C. § 1441(a) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> (a)    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
>
> (1)    citizens of different States . . . .

10. There is complete diversity of citizenship between Plaintiff and Bankers Life.

11. There is only one named plaintiff in this action.  Upon information and belief, Plaintiff is a resident citizen of the State of Tennessee.

12. There is only one named defendant in this action.  Bankers Life is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

13. Plaintiff demands disability insurance benefits from Bankers Life. (Complaint, ¶¶ 1-6).  Plaintiff fails to quantify his damages pursuant to the alleged insurance benefits in his Complaint.  Accordingly, Bankers Life must demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *Williamson v. Aetna Life Insur. Co.*, 481 F. 3d 369, 375 (6th Cir. 2006).  Pursuant to his Complaint, Plaintiff was injured on May 30, 2005, and he demands benefits pursuant to a disability

insurance policy application he made in January, 2005. (*See* Complaint, generally).[1]
Plaintiff's insurance application indicates that he sought a maximum benefit of $2,000 a
month for a benefit period of two years. (Application, Exhibit B). Therefore, Plaintiff's
compensatory damages claim totals $48,000.

14.     Plaintiff also asserts that "Plaintiff is entitled to treble damages" against
Bankers Life pursuant to Tenn. Code Ann. § 47-18-109. (Complaint, ¶4). Treble
damages, based on $48,000 in compensatory damages, would be $144,000.

15.     Therefore, including compensatory damages of $48,000 and punitive
damages of $144,000, Plaintiff demands $192,000. Plaintiff also requests damages for
the "additional expense, loss, and injury" pursuant to § 56-7-105. (Complaint, ¶6).
Accordingly, Plaintiff's demand for "additional expense", which includes attorneys' fees,
must also be considered when tabulating the amount in controversy: "[A]ttorneys' fees
are excludable in determining the amount in controversy for purposes of diversity,
unless the fees are provided for by contract or where a statute mandates or expressly
allows the payment of such fees." *Williamson*, 481 F. 3d at 376 (noting that attorneys'
fees are applicable in assessing the amount in controversy because the plaintiff claimed
attorneys fees pursuant to § 47-18-109(e)(1) and § 56-7-105). In this matter, Plaintiff
demands attorneys' fees pursuant to § 56-7-105, and thus any potential award for
attorneys fees is also counted towards the total amount in controversy.

16.     Because Plaintiff seeks damages of $192,000, plus statutory attorneys'
fees, the amount in controversy requirement of $75,000 is satisfied.

---

[1] Bankers Life denies that it ever issued insurance coverage to Plaintiff.
However, for the purposes of determining the amount in controversy only, Bankers Life
refers to Plaintiff's policy application.

17.     Consequently, this case is properly removable because the matter in controversy exceeds the sum or value of $75,000 and involves citizens of different states.

## II. ERISA

18.     This case is also properly removable pursuant to 28 U.S.C. § 1441 because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1331, as amended, which provides in that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

19.     For a case to "arise under" federal law, it is not essential that the complaint make specific reference to a particular federal statute or regulation, or that the plaintiff has expressly sought a federal remedy for the alleged wrongdoing. A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (*quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co. v. Waller*, 906 F. 2d 985, 988 (4th Cir.), *cert. denied*, 498 US. 982 (1990); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F. 2d 188, 192 (2d Cir.), *cert. denied*, 484 U.S. 850 (1987); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976). Stated otherwise, a plaintiff's claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F. 2d 245, 249 (5th Cir. 1975).

20.     The fact that Plaintiff has not specifically referred to the ERISA provisions in his Complaint does not foreclose Bankers Life's right to a federal forum. "[T]he removal court should inspect the complaint carefully to determine whether a federal

claim is necessarily presented, even if the plaintiff has couched her pleadings exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it." *In re Carter*, 618 F. 2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981). "[T]he plaintiff's failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal." 14A FED. PRAC. & PROC. § 3722, at 276 (1985).

21.    Here, Plaintiff claims to have been issued a disability insurance policy through his workplace. (Complaint, ¶ 1).

22.    Upon information and belief, a portion of Plaintiff's paycheck was withheld by his employer to pay the alleged policy's premiums. Bankers Life never received any premiums from Plaintiff or his employer and denies that it ever issued an insurance policy to Plaintiff. However, to the extent that a policy is deemed to be in effect, which Bankers Life denies, the purported insurance policy at issue in this case would qualify as an ERISA employee welfare benefit plan. *Randol v. Mid-West Nat. Life Ins. Co.*, 987 F. 2d 1547 (11th Cir.), *cert. denied*, 510 U.S. 863, 114 S. Ct. 180, 126 L.Ed. 2d 139 (1993) (Group health policy covering employer's workers was "maintained" by employer, and qualified as "employee welfare benefit plan" under ERISA, where employer wrote first check purchasing policy, established system whereby premiums would be paid monthly by means of bank draft on its corporate account, contributed $75 per employee per month toward premiums, and collected from employees the balance of premiums through withholding system); *Donovan v. Dillingham*, 688 F. 2d 1367 (11th Cir. 1982) (en banc); *see Williams v. WCI Steel Co., Inc.*, 170 F. 3d 598, 602 (6th Cir. 1999) (noting that "[i]n determining whether or not a benefit plan exists under ERISA, courts

have generally followed the approach as articulated by the Eleventh Circuit in *Donovan v. Dillingham*.").

23.     Plaintiff sets forth causes of action related to payment of disability benefits in his Complaint. Specifically, Plaintiff alleges that he was rendered "totally disabled for the foreseeable future" as a result of a May 30, 2005 accident and that Bankers Life "refused to provide coverage for Plaintiff's disability" and "knowingly and willingly engaged in unfair and deceptive trade practices." (Complaint, ¶¶ 4-5).

24.     Such allegations are the types of allegations that trigger ERISA preemption. The preemption clause, 29 U.S.C. § 1144(a), preempts any state law claim that "relates to employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S. Ct. 1549, 1552 (1987). *Aetna Health Inc. v. Davila*, 542 U.S. 200, 221, 124 S. Ct. 2488, 2502 (U.S. 2004) ("We hold that respondents' causes of action, brought to remedy only the denial of benefits under ERISA-regulated benefit plans, fall within the scope of, and are completely pre-empted by, ERISA § 502(a)(1)(B), and thus removable to federal district court."); *Steele v. United Parcel Service, Inc.*, 499 F.Supp. 2d 1035, 1039 (E.D. Tenn. 2007 ) (noting that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA.")

25.     As a result, there can be no question that Plaintiff's claims regarding the purported disability policy are preempted by ERISA and that federal jurisdiction is proper.

26.     Further, this Court has supplemental jurisdiction over any non-ERISA claims under 28 U.S.C. § 1367(a).

## III. <u>CONCLUSION</u>

27.  This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

28.  Bankers Life has heretofore sought no similar relief.

29.  Removal at this present time will not result in any prejudice to Plaintiff.

30.  Bankers Life herein reserves the right to supplement its Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

31.  A copy of this Notice is being filed with the Clerk of the Circuit Court for the State of Tennessee, Knox County, as provided under 28 U.S.C. § 1446. Bankers Life is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

**WHEREFORE**, Defendant Bankers Life and Casualty Company requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from Circuit Court for the State of Tennessee, Knox County, to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

**DATED this the 4th day of October, 2007.**

David W. Houston, IV (BPR# 020802)
Burr & Forman LLP
700 Two American Center
3102 West End Avenue
Nashville, TN 37203
Telephone: (615) 724-3200
Facsimile: (615) 724-3290
Email: dhouston@burr.com
Attorney for Defendant
BANKERS LIFE AND CASUALTY CO.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by directing same to their office address through first-class United States mail and properly addressed on this the 4th day of October, 2007.

T. Scott Jones, Esq.
BANKS & JONES
318 N. Gay St.
Knoxville, Tennessee 37902

OF COUNSEL

# EXHIBIT A



STATE OF TENNESSEE
**DEPARTMENT OF COMMERCE AND INSURANCE**
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

September 13, 2007

Bankers Life & Casualty Co
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 61263

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7006 2150 0004 6621 7227
Cashier # 5340

Re: James Sluss  V.  Bankers Life & Casualty Co

Docket # 3-396-07

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Breach Of Contract Complaint was served on me on September 7, 2007 by James Sluss pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Knox County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Knox County
    400 Main Avenue, Rm M-30 C/C Bldg
    Knoxville, Tn  37902

Service of Process 615.532.5260

James Sluss,                          )
                                      )
              Plaintiff,              )      No. _3-3960 7_
                                      )
vs.                                   )
                                      )
Banker's Life & Casualty Co.,         )
                                      )
              Defendant.              )

# SUMMONS

**TO: Banker's Life & Casualty Co., c/o Commissioner of Insurance**

**SERVE: <u>Banker's Life and Casualty Company, c/o Commissioner of Insurance,
500 J. Robertson Parkway, Nashville, TN 37243</u>**

> **YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON**
>
> **T. Scott Jones, Plaintiff's Attorney,**
>
> **WHOSE ADDRESS IS: Suite 210, Regas Building, 318 N. Gay
> Street, Knoxville, Tennessee 37917, a copy of the answer to the complaint
> which is herewith served upon you, within 30 days after service of this
> summons upon you, exclusive of the day of service. You will file the
> original with the Court.**
>
> **If you fail to do so, judgment by default will be taken against you for the
> relief demanded in the complaint.**
>
> Issued and tested this the __29__ day of __August__, __2007__.
>
> _Catherine Quist_
> Catherine Quist, Clerk
>
> By: _Nicole Techer_
> Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedure.)

**NOTICE**

**TO THE DEFENDANT (S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or now to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____, 20___, _____ Deputy Sheriff.

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that on the _____ day of _____, 20___, I served this summons together with the complaint as follows:_____

failed to serve this summons within 30 days after its issuance because:_____

_____
Deputy Sheriff/Process Server

FILED

2007 AUG 29 PM 3: 12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

James Sluss,                                    )
                                                )
                    Plaintiff,                  )
                                                )       No. _____
vs.                                             )
                                                )         3·3960 7
Banker's Life & Casualty Co.,                   )
                                                )
                    Defendant.                  )

**SERVE: Banker's Life and Casualty Company, c/o Commissioner of Insurance,
500 J. Robertson Parkway, Nashville, TN 37243**

## COMPLAINT

Comes now the Plaintiff, James Sluss, by and through counsel, and for his

cause of action against the Defendant, Banker's Life & Casualty, would respectfully

show unto this Honorable Court:

1. On or about January 10, 2005, an agent of the Defendant, Banker's Life &

Casualty, met with the Plaintiff, James Sluss, at the Plaintiff's workplace and sold the

Plaintiff a disability insurance policy.

2. The Plaintiff never had any reason to believe that a disability insurance

policy had not been issued to him by the Defendant, Banker's Life & Casualty.

3. On or about May 30, 2005, the Plaintiff was involved in a tragic

automobile accident that rendered him totally disabled for the foreseeable future.

4. Upon learning of the Plaintiff's injury, the Defendant, Banker's Life &

Casualty, refused to provide coverage for the Plaintiff's disability,

5. The Defendant, Banker's Life & Casualty, by refusing to pay the disability

claim of the Plaintiff, knowingly and willfully engaged in unfair and deceptive acts

prohibited by Tenn. Code Ann. § 47-18-104; thus, under Tenn. Code Ann. § 47-18-109, the Plaintiff is entitled to treble damages.

5. The Defendant, Banker's Life & Casualty, failed to pay the loss incurred by the Plaintiff within sixty (60) days after a demand had been made by the Plaintiff for the loss incurred by the Plaintiff on or about May 30, 2005.

6. The Defendant's refusal to pay the loss was not in good faith and inflicted additional expense, loss, and injury upon the Plaintiff; thus, under Tenn. Code Ann. § 56-7-105 the Plaintiff is entitled in addition to the loss incurred by the Plaintiff on May 30, 2005 and interest thereon to a sum of 25% on the liability for said loss.

WHEREFORE, the Plaintiff, James Sluss, demands judgment against the Defendant, Banker's Life & Casualty, for the amount due under the insurance policy, for treble damages based on the amount due under the insurance policy pursuant to Tenn. Code Ann. § 47-18-109, and an additional statutory penalty pursuant to Tenn. Code Ann. § 56-7-105 based upon the amount due under the contract, and the Plaintiff demands a jury try this action.

Respectfully submitted this the 29th day of Aug.

2007.

T. SCOTT JONES
Attorney for the Plaintiff
BANKS & JONES
Suite 210, Regas Building
318 N. Gay Street
Knoxville, Tennessee 37902
(865) 546-2141

FILED

2007 AUG 29 PM 3:12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

## COST BOND

We, the undersigned, do hereby acknowledge ourselves as surety for all of the costs

of this cause.

This the **29** day of **Aug.**, 2007.

James Sluss, Principal

T. Scott Jones, Attorney
BANKS & JONES, Surety

T. Scott Jones, Attorney

FILED

2007 AUG 29 PM 3: 12

CATHERINE F. QUIST
CIRCUIT COURT CLERK

James Sluss,                                )
                                            )
                  Plaintiff,                )
                                            )   No. _____
vs.                                         )       3·3960 7
                                            )
Banker's Life & Casualty Co.,               )
                                            )
                  Defendant.                )

## PLAINTIFF'S REQUEST FOR ADMISSIONS OF FACT

Comes now the Plaintiff, James Sluss, by and through counsel, and pursuant to Rule 36 of the Tennessee Rules of Civil Procedure, and requests that the Defendant, Banker's Life & Casualty, admit the truth of the following relevant matters within thirty (30) days after the service of this request:

1. On or about January 10, 2005, an agent of the Defendant, Banker's Life & Casualty, met with the Plaintiff, James Sluss, at the Plaintiff's workplace and sold the Plaintiff a disability insurance policy.

2. The Plaintiff never had any reason to believe that a disability insurance policy had not been issued to him by the Defendant, Banker's Life & Casualty.

3. On or about May 30, 2005, the Plaintiff was involved in a tragic automobile accident that rendered him totally disabled for the foreseeable future.

4. Upon learning of the Plaintiff's injury, the Defendant, Banker's Life & Casualty, refused to provide coverage for the Plaintiff's disability,

5. The Defendant, Banker's Life & Casualty, by refusing to pay the disability claim of the Plaintiff, knowingly and willfully engaged in unfair and deceptive acts

prohibited by Tenn. Code Ann. § 47-18-104; thus, under Tenn. Code Ann. § 47-18-109, the Plaintiff is entitled to treble damages.

5. The Defendant, Banker's Life & Casualty, failed to pay the loss incurred by the Plaintiff within sixty (60) days after a demand had been made by the Plaintiff for the loss incurred by the Plaintiff on or about May 30, 2005.

6. The Defendant's refusal to pay the loss was not in good faith and inflicted additional expense, loss, and injury upon the Plaintiff; thus, under Tenn. Code Ann. § 56-7-105 the Plaintiff is entitled in addition to the loss incurred by the Plaintiff on May 30, 2005 and interest thereon to a sum of 25% on the liability for said loss.

Respectfully submitted this the **29** day of **Aug.** ,

2007.

T. SCOTT JONES
Attorney for the Plaintiff
BANKS & JONES
Suite 210, Regas Building
318 N. Gay Street
Knoxville, Tennessee 37902
(865) 546-2141

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by U.S. Mail, postage prepaid or by hand delivery to:

**Banker's Life and Casualty Company**
**c/o Commissioner of Insurance**
**500 J. Robertson Parkway**
**Nashville, TN 37243**

This the 29 day of Aug. , 2007

T. SCOTT JONES, ATTORNEY
Suite 210, Regas Bldg.
318 N. Gay Street
Knoxville, TN 37917

James Sluss, )
)
        Plaintiff, )
)  No. _____
vs. )
)  *3-39607*
)
Banker's Life & Casualty Co., )
)
        Defendant. )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff James Sluss, by and through counsel, requests that the following Interrogatories be answered by the defendant under oath in accordance with Rule 33 of the Tennessee Rules of Civil Procedure. Further, plaintiffs request that defendant produce the documents listed below, pursuant to Rule 34 of the Tennessee Rules of Civil Procedure.

A. When used in these Interrogatories, the term Defendant or any synonym thereof is intended to and shall embrace and include, in addition to the Defendant, all agents, servants, representatives, private investigators, and others who are in a position of trust or may have obtained information for or on behalf of the Defendants.

B. These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and trial.

C. The word "DOCUMENT" means handwriting, typewriting, printing, photographs, and every other means of recording upon any tangible thing and form of communication or representation, including letters, words, pictures, sounds, symbols, or any combination thereof.

D. The term "BUSINESS RECORDS" means all documents (as above defined) of any nature whatsoever relating in any manner to the subject matter of this litigation, but not limited to, all reports, notes, publications, records, and other writings from said Defendants, or any of its subsidiaries, and other institutions.

E. The words "YOU" and "YOUR" includes you, your agents, your employees, your attorneys, your accountants, your investigators, and anyone acting on your behalf.

F. Where facts set forth in the answers or portions thereof are supplied upon information and belief, rather than upon the defendants' knowledge, the defendant should so state, and specifically identify and describe the source or sources of such information and belief. Should the defendant not be able to answer any interrogatory or portion thereof by either actual knowledge or upon information and belief, the defendant should so state in detail its efforts to obtain such knowledge as would enable it to answer said interrogatories or portions thereof.

G. "Identify" or "identification", "describe" or "description" -

(a) when used in reference to an individual means to state his full name, present or last known occupation, if any;

(b) when used in reference to a corporation, means to state its full name, and its principal place of business;

(c) when used in reference to a person other than an individual or a corporation (specifically including any government agencies), means to state its official name and address;

(d) when used in reference to a document (for example, reports, synopses of interviews, internal memoranda, letters, memoranda, tape recordings, or the like), means date, author, addressee, its present location, the name and address of its custodian, and the substance of the contents thereof. In lieu of identifying any document, copies thereof may be furnished.

H. "Occurrence" refers to any happening to the relevant facts of this case.

2

1. Please identify each and every person who assisted in the preparation of the answers or responses to these Interrogatories and Requests for Production of Documents, and state the name address and relationship to the defendant of each such person.

ANSWER:


2. Please identify each and every person known to you who has knowledge this claim, including the sale of disability insurance to the Plaintiff and subsequent denial of Plaintiff's claim, and who you have contacted or intend to contact regarding this claim, and for each such person, please state that person's address and telephone number.

ANSWER:


3. With respect to each person identified in your Answer to Interrogatory No. 2, please state or give the following:

(a) The basis of the person's knowledge about the claim;

(b) Whether such person has rendered an oral or written statement concerning the same, and if so, designate which type, and identify each and every written statement from such person;

(c) Whether the person was employed at the time of the occurrence and if so, identify that person's employer;

(d) Whether that person is presently employed, and if so, identify the present employer of that person; and

(e) A brief summary of the knowledge each such person has or claims to have regarding the occurrence.

ANSWER:


3

4. With respect to any oral statements identified in your Answer to Interrogatory No. 3(b), please state whether any such oral statement was recorded, and if so, please identify or state:

> (a) The person, including his or her address and telephone number, making the oral statement;
>
> (b) The person, including his or her address and telephone number, recording the oral statements;
>
> (c) The date and place the oral statement was recorded;
>
> (d) The type of recording instrument or apparatus used in recording the oral statement;
>
> (e) The employer of the person recording the oral statement; and
>
> (f) Whether the recording of the oral statement was transcribed, and if so, identify the person that transcribed the oral statement.

ANSWER:


5. With respect to any written statement identified in your Answer to Interrogatory No. 3(b), please identify the following:

> (a) The person, including his or her address and telephone number, who gave such written statement;
>
> (b) The person, including his or her address and telephone number, who took such written statements;
>
> (c) The date and place where the written statement was taken;
>
> (d) The employer, including its address and telephone number, of the person taking such written statement; and
>
> (e) All persons, including their addresses and telephone numbers, who were provided a copy of such written statement.

ANSWER:

4

6. Did you make any investigations or reports concerning the occurrence, including the sale of disability insurance to the Plaintiff and subsequent denial of Plaintiff's claim, and if so, please identify each and every such investigation or report, and include the following:

> (a) The date and subject matter of the investigation or report;
>
> (b) The identity, including the address and telephone number, of the person making such investigation or report;
>
> (c) The purpose of the investigation or report; and
>
> (d) If reduced to writing, please identify the documents embodying such investigation or report, and identify the person preparing that document.

ANSWER:


7. Please identify, including the address and telephone number, of each and every person you plan to call as a witness at the trial of this case.

ANSWER:


8. Please identify each and every person you have consulted and expect to call as an expert witness at the trial of this case and with respect to each of those persons, please state the following:

> (a) The subject matter of which the expert is expected to testify; and
>
> (b) The substance of the facts and opinions to which the expert is expected to testify;
>
> (c) A summary of the grounds for each opinion of the expert.

ANSWER:

5

9. With respect to each and every person identified in your Answer to Interrogatory No. 8, please state or give the following:

(a) The name and address of each school, college, or university where the person received special education or training in his or her field;

(b) The dates when that person attended each such school, college, or university;

(c) The name or description of each such degree that person received, including the date when each such degree was received, and the name of the institution from which it was received;

(d) Whether that person is a member of any professional or trade association, and if so, please identify any such association;

(e) When that person became a member of any professional or trade association, and whether that person has held any office in that association;

(f) Whether that person has written any books, papers, or articles in his or her field, and if so, for each book, paper or article, state the following:

(i) the title and subject matter;

(ii) the name and address of each publisher;

(iii) the date of each publication.

(g) Whether the person is licensed by any governmental entity or authority to practice in his or her field, and if so, please state the following:

(i) the identity or authority by whom that person was licensed;

(ii) the date when that person was licensed;

(iii) the general requirements that the person had to meet to obtain the license; and

6

(iv) whether the person has fulfilled these requirements.

(h) The identity of all other lawsuits, including the identity of the court, style of the case and docket number of the case in which the person has testified as an expert.

ANSWER:

10. With respect to the denial of or limited provision of disability benefits to the Plaintiff;

(a) the name of all persons determining the validity, value, applicability of terms of the contract for insurance, or veracity of the claim;

(b) the methods used to make such determination;

(c) the facts or opinions used or considered in making such determinations;

(d) the precautions taken to ensure that the determinations were handled accurately, fairly, and honestly in accordance with the relevant policy;

AND

(e) the company or industry standards by which such determinations were made in accordance with good faith and fair dealing.

ANSWER:

11. Please state the written or unwritten policy of the defendant regarding handling claims for disability insurance, and the denial or acceptance thereof, and, if in writing, please attach a copy of any training manuals, employee handbooks, memoranda, or any other tangible writing containing said written policy.

ANSWER:

7

12.     Please produce the company's records regarding any statistics or otherwise available data regarding percentages or ratios of claims for disability made to actual compensation by the Defendant to policy holders making such claims, enumerating amounts claimed compared with amounts compensated or otherwise reimbursed, accepted, or denied, in whole or in part.

ANSWER:


13. Please produce any statistical information relating to the average or usual amount of time, in hours worked by employees or agents, investigating or inspecting claims for disability before a determination is made by the company as to whether or not, or how much, to compensate an insured making a claim for disability benefits. Furthermore, please provide any information relevant to the amount of time invested by the Defendant, or any employees or agents thereof, in investigating or inspecting the claim of the Plaintiff before the Defendant determined how to compensate the Plaintiff for the claim under his insurance.


14. Please produce all documents identified in defendant's Responses to Interrogatories set forth above.

ANSWER:


15. Please produce all documents relating to payments made to the Defendant by the Plaintiff.

ANSWER:

8

Respectfully submitted this the **29** day of **Aug.** , 2007.

T. SCOTT JONES
Attorney for the Plaintiff
BANKS & JONES
Suite 210, Regas Building
318 N. Gay Street
Knoxville, Tennessee 37902
(865) 546-2141

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served by U.S. Mail, postage prepaid or by hand delivery to:

**Banker's Life and Casualty Company**
**c/o Commissioner of Insurance**
**500 J. Robertson Parkway**
**Nashville, TN 37243**

This the **29** day of **Aug.** , 2007

T. SCOTT JONES, ATTORNEY
Suite 210, Regas Bldg.
318 N. Gay Street
Knoxville, TN 37917

9



FIRST CLASS

UNITED STATES POSTAGE
02 1A
0004615985
MAILED FROM ZIPCODE 37243
$ 06.11
FIRST CLASS
SEP 13 2007

State Of Tennessee
Department of Commerce
500 James Robertson Pkwy.
Financial Affairs 4th Floor
Nashville, TN 37243

7006 2150 0004 6621 7227

09/13/2007

BANKERS LIFE & CASUALTY CO
2908 POSTON AVENUE, % C S C
NASHVILLE, TN 37203
7006 2150 0004 6621 7227

# EXHIBIT B

**1** SLUSS A James

Print Proposed Insured's Full Name (Last, First, & Middle Initial)

| Male ☑ | Married ☑ | Date of Birth (Mo/Day/Yr) | Age (Last Birthday) | State or Country of Birth | U.S. Citizen | Height | Weight |
|---|---|---|---|---|---|---|---|
| | | 55 | 49 | USA | Yes ☑ No ☐ | Ft 6 Inches | Pounds 39 |
| Female ☐ | Single ☐ | | | | | | |

**2 INCOME REPLACEMENT POLICY FORM NO.** 0028

Policy Benefit Period: ☐ 2 years ☐ 5 years
☐ to age 65 _____

**OPTIONAL BENEFIT RIDERS**
☐ Indexing Benefit
☐ Future Purchase Option Benefit
☐ Compound Increases Inflation Benefit _____%
☐ Return Of Premium Benefit
☐ Extension Of Policy's Guarantee Of Renewability To Age 67

Policy Elimination Period: ☑ 30 days ☐ 60 days ☐ 90 days
☐ 180 days ☐ 365 days ☐ _____

Maximum Monthly Benefit Amount: $ 2,000
Request for Special Issue Date 2-1-05 ☐ No
Occupation Class: ☐ 4A ☐ 3A ☐ 2A ☐ A ☐ B

☐ _____

**3 HOME ADDRESS** (List previous address in "REMARKS" Section 15, if residing here less than 2 years)

Street _____
City/Town Oak Ridge State TN
Zip Code 3783 Phone No _____

**4 BILLING ADDRESS** ☐ Same as Home Address

Name Dean Stallings Ford
Street or P.O. Box 480 S Illinois Ave
City/Town Oak Ridge State TN Zip Code 3783

**5** Have you used tobacco products within the last 12 months? ☐ Yes ☑ No

**6 EMPLOYMENT INFORMATION** (Proposed Insured)

a. Name of Employer Dean Stallings Ford
Business Address 480 S Illinois Ave
City/Town Oak Ridge State TN
Zip Code 3783 Phone No. 800 738-4353

b. Are you actively working at least 30 hours a week at your full time job? ☑ Yes ☐ No

c. Have you been working full time during the past 180 days? ☑ Yes ☐ No
If no, explain: _____

d. Business of Employer Auto Sales & Service
e. Occupation Title Service Advisor
f. Check the box that best describes the work you do:
☐ Professional ☐ Technical ☐ Sales ☐ Agricultural ☐ Managerial ☑ Clerical ☐ Personal Service ☐ Construction
☐ Factory ☐ Other _____

g. Describe your exact duties in detail: Service Advisor
Answers phone and sets up
Appts and assigns

h. Do you work mostly (check boxes that apply):
☐ Inside ☐ Outside ☐ Heavy Manual Labor ☐ Light Manual Labor ☑ No Manual Labor

i. How many months a year do you usually work? 12 months

j. Time Employed - This Job 1 years 2 months. Time Employed - This Employer _____ years _____ months.

k. Describe duties of any other current job (include name and address of Employer): (If none, check here ☐) _____
Was here 5 yrs before

12046A

(AR) NCR

REDACTED

011805 – 91519236 2

**7 FINANCIAL INFORMATION (Proposed Insured)**

**a.** If self-employed, number of full time employees _____ (If none, or not applicable, check here ☑)

**b.** Annual Income (as Reported on your Federal Tax return), Full Time Job:  Current Year $ 55,000 ⟶
Last Year $ 55,000 ⟶ 2 Years Ago $ 55,000 ⟶

**c.** Annual Income (as Reported on your Federal Tax return), Other Job(s) $_____ (If none, check here ☑)

**d.** Unearned Income (as Reported on your Federal Tax return) and Sources:

☐ Dividends $_____ ☐ Interest $_____ ☐ Rental $_____ ☐ Pension $_____

☐ Other $_____ (Give Details)_____

Total Unearned Income:  $____0____ (If none, check here ☐)

**e.** Net Worth (Assets minus Liabilities): $_____

**f.** Are you eligible for (but not currently receiving):
Federal Social Security? ☐ Yes ☑ No   Workers Compensation? ☐ Yes ☑ No   State Cash Sickness Plan? ☐ Yes ☑ No

**g.** Have you declared bankruptcy in the past 7 years? ☐ Yes ☑ No

**8 INSURANCE IN FORCE ON PROPOSED INSURED**

Disability Income in force ☑ None (Include all Disability Benefits under Individual, Group or Association Policies; all Salary Continuation, Sick Leave, Pension and Union Welfare Plans which provide Disability benefits; Disability Riders on Life Insurance.)  If more space is needed, use Section 10p.

| Company or Source | Monthly Amount | Benefit Period | Elimination Period | To Be Replaced | | Replacement Date |
|---|---|---|---|---|---|---|
| | | | | Yes | No | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**9** Will any other existing Life, Health, Accident & Sickness, Disability Income or Annuity contracts be replaced or changed If a proposed policy is issued? ☐ Yes ☑ No (If yes, show details in Section 10p.)

| **10 HAS THE PROPOSED INSURED:** | Yes | No | Details of Yes answers (identify No. of question) |
|---|---|---|---|
| **a.** Ever been declined, postponed, rated or charged an extra premium for Life or Health or Disability Income Insurance or offered a policy different from that applied for, or been refused reinstatement or renewal of Life, Health or Disability Income Insurance? | ☐ | ☑ | |
| **b.** An application for any other Disability Income Insurance now pending or being considered? | ☐ | ☑ | |
| **c.** Ever received or claimed disability benefits, or a pension for any injury, sickness, or impaired condition? | ☐ | ☑ | |
| **d.** Made in the last 12 months, or plan to make, any flight as a pilot, student pilot, or member of the crew of any aircraft? | ☐ | ☑ | |
| **e.** Engaged in the last 12 months, or plan to engage in any sport or hobby such as paragliding, parakiting, parachuting, hang gliding, vehicle racing, mountain climbing, scuba or skin diving? | ☐ | ☑ | |
| **f.** 1. Lived or traveled outside the U.S.A. within the past 12 months? | ☐ | ☑ | |
| 2. Any intention of living or working outside the U.S.A. within the next 2 years? | ☐ | ☑ | |
| **g.** Had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☑ | |
| **h.** Been under observation, or taking treatment, or been advised to have any diagnostic test, hospitalization, or surgery which was not completed? | ☐ | ☑ | |
| **i.** In the past 9 months, become pregnant? | ☐ | ☑ | |
| **j.** Had his/her drivers license been suspended, or revoked or received two (2) or more moving violations in the past 3 years?  If yes, give details in 10p. | ☐ | ☑ | |
| **k.** Been convicted of a felony within the past 10 years? | ☐ | ☑ | |

12046A

(AR)

011805 – 915119236 2

**10 HAS THE PROPOSED INSURED: (continued)**

| | | Yes | No | Details of Yes answers (identify No. of question) |
|---|---|---|---|---|
| l. | In the past 5 years used: | | | |
| | 1. Alcoholic beverages? If yes, to what extent? | ☐ | ☑ | |
| | 2. Barbiturates, sedatives, tranquilizers, or morphine unless prescribed by a licensed physician? If yes, to what extent? | ☐ | ☑ | |
| | 3. L.S.D., marijuana, cocaine, heroin, or any narcotic drug? If yes, how often? | ☐ | ☑ | |
| m. | Ever had medical attention related to the use of alcohol, drugs, or the effects of their use? | ☐ | ☑ | |
| n. | Had a change in weight in the past year (10 pounds or more)? | ☐ | ☑ | |
| o. | Had, or been told they had, an immune deficiency disorder, AIDS, AIDS related complex (ARC), AIDS related conditions, or test results indicating exposure to AIDS virus? | ☐ | ☐ | |
| p. | Additional Details to Questions 8, 9 and 10 (Identify No. of questions): | | | |

---

**11** Has the person to be insured ever, to the best of your knowledge and belief, had or have (*answer each question by checking the appropriate box or boxes*): If "Yes" give details in question 12.

**A. Any Brain, Nervous, or Mental Trouble including but not limited to those listed below?**

☐ Anxiety  ☐ Epilepsy
☐ Chronic Headaches  ☐ Nervous Fatigue
☐ Depression  ☐ Meningitis
☐ Dizziness  ☐ Paralysis

**B. Any Heart or Circulatory Trouble?** Yes/No ☑ ☐
☐ Chest Pain  ☐ Palpitation
☐ Heart Murmur  ☐ Stroke
☐ Heart Disease  ☐ Varicose Veins
☐ Rheumatic Fever  ☑ High Blood Pressure

**C. Any Endocrine or Metabolic Trouble?** Yes No ☐ ☑
☐ Diabetes  ☐ Sugar in Urine
☐ Gland Trouble  ☐ Blood in Urine
☐ Goiter  ☐ Thyroid

**D. Any Genito-Urinary or Breast Trouble?** Yes No ☐ ☑
☐ Breast  ☐ Reproductive Organ
☐ Kidney  ☐ Urinary Bladder
☐ Prostate  ☐ Venereal Disease
☐ Pus in Urine

**E. Any Lung or Respiratory Trouble?** Yes No ☐ ☑
☑ Asthma  ☐ Pleurisy
☐ Blood Spitting  ☐ Throat
☐ Bronchitis  ☐ Tuberculosis
☐ Shortness of Breath  ☐ Emphysema
☐ Persistent Hoarseness or Cough

**F. Any Back, Joint, Bone or Muscle Trouble?** Yes No ☐ ☐
☐ Amputation  ☐ Neuritis  ☐ Fracture
☐ Arthritis  ☐ Gout  ☐ Rheumatism
☐ Back  ☐ Deformity  ☐ Bursitis

**G. Any Stomach, Digestive, Intestinal or Rectal Trouble?** Yes No ☐ ☑
☐ Appendicitis  ☐ Diverticulitis  ☐ Liver
☐ Colitis  ☐ Indigestion  ☐ Ulcer
☐ Gall Bladder  ☐ Jaundice  ☐ Hernia
☑ Hemorrhoids

**H. Any of the following?** Yes No ☐ ☑
☐ Allergy  ☐ Eye Trouble
☐ Anemia  ☐ Leukemia
☐ Cancer  ☐ Polyp
☐ Cyst  ☐ Tumor
☐ Ear Trouble  ☐ Dermatitis

---

**12** List full details of any condition above; also give full details of any other sickness or accident, or medical, mental or surgical treatments or check-ups in the past five (5) years. (If none, check here ☐)

| Question Number | Conditions and Complications | Date of Onset Mo. Yr. | Operation Mo. Yr. | Recovery Mo. Yr. | Days in Hosp. | Names, Addresses, Phone Numbers of Physicians/Doctors/Hospitals |
|---|---|---|---|---|---|---|
| | *takes tenormin* | | | *>5 yrs* | | *USA* |
| | *1 @ day* | | | | | *Dr.* |

---

**13** Is the proposed insured, to the best of your knowledge and belief, free from mental or physical deformity or defect except as noted above? If "No" give details in question 12. ☑ Yes ☐ No

**14 FAMILY RECORD OF PROPOSED INSURED**

| | Age if Living | Age at Death | Cause of Death, if known |
|---|---|---|---|
| Father | 78 | | |
| Mother | 76 | | |
| Brothers and Sisters #Living #Dead | 5 | | |

011805 - 91519236 2

011805 - 9151923632

**ACKNOWLEDGEMENTS**

16 THE APPLICANT, TO THE BEST OF HIS OR HER KNOWLEDGE AND BELIEF, REPRESENTS AND AGREES AS FOLLOWS:

  a. I have read, or had read to me, the completed application and realize that any false statements or misrepresentation in this application may result in loss of coverage.

  b. The statements in this application concerning past and present health are complete, true and correct.

  c. No agent is authorized to waive or modify any terms of this application. An agent's knowledge of any facts not disclosed in this application will not be considered knowledge by the Company nor be binding on the Company.

  d. No agent, medical examiner or other person is authorized to accept risks, pass upon insurability, make or modify contracts or waive any of the Company's rights or requirements.

  e. Any individual insurance policy issued as a result of this application shall, together with the application, constitute a single and entire contract of insurance.

  f. If premium was paid with this application, I have read the receipt(s) for same and fully understand the conditions and limitations stated in the receipt(s) and that no agent can waive or change such conditions and limitations.

  g. Any insurance issued as a result of this application will either: (i) not take effect for each person proposed for insurance unless and until the full first premium is paid and the policy or certificate is delivered during such person's lifetime and while such person is in the condition of health set forth in this application; or (ii) take effect only as specified in the receipt(s), if any, attached to this application.

  h. For an exchange, the new coverage will be treated as a renewal of any current coverage. Any loss that begins before the effective date of the new coverage will be considered within the limit of benefits contained in both the new and current coverage, subject to the applicable time limits on certain defenses.

  i. For upgrades, all policy waiting periods will apply to any increase in benefits. The waiting periods will start on the effective date of the increase.

  j. Provisions concerning exceptions, exclusions, limitations and renewal of the insurance plan(s) applied for have been explained and are understood.

  k. The applicant shall be the owner of any insurance applied for.

**AUTHORIZATION**

17 In connection with an application for insurance currently made to Bankers Life and Casualty Company, I (the proposed insured) hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person, that has any records or knowledge of me or of my health, to disclose to the Company or its reinsurers any such information upon presentation of this authorization or reproduction thereof. This authorization will be valid from the date signed for a period of two and one-half years.

18 SIGNATURES Dated at City OAK GROVE State LN. Zip 57830

this 6 Day of Jan 20 0 5

Signature of Applicant X _Jann A. Sla_

Social Security Number 4 3 4 1  Driver's License Number _____

Proposed Insured sign below, IF OTHER THAN APPLICANT, I consent to this application and confirm that the answers recorded above are, to the best of my knowledge and belief, complete and true.

Signature of Proposed Insured X _____

Relationship to Applicant _____ Social Security Number | | | - | | - | | | |
I have witnessed the signatures of the Applicant and Proposed Insured, if different. I certify that I asked all the questions and truly and accurately recorded the answers contained herein. To the best of my knowledge and belief, the insurance applied for ☐ is or is likely, ☐ is not or is not likely to replace or change any existing policy(ies) or contract(s).

Signature of Licensed Resident Agent X _Jack W Nagelus_ No. I5590 Branch 2096

Signature of Licensed Resident Agent X _____ No. _____

(Agent's Signature Not Needed When Dealing Directly With The Home Office)

12046A                                     (AR)

**WARNING:** Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.

**MAKE ALL CHECKS PAYABLE ONLY TO BANKERS LIFE AND CASUALTY COMPANY**

REDACTED